Barber *vs.* J. Kerr and W. Kerr.

Fraud in obtaining a promissory note is a good defence to an action brought to collect such note.

Accordingly, where the book-keeper and cashier of a mercantile firm, by making false additions, and omitting to charge himself with large sums of money appropriated by him, had fraudulently made a balance to appear due to him, upon the books of the firm, when he was in fact indebted to the firm; and had taken a note for the balance thus appearing; *Held* that, in an action brought by him upon the note, the defendants might give in evidence the fraud of the plaintiff in procuring the same to be given.

This was an action on a promissory note made by John Kerr and endorsed by William Kerr, tried at the New-York circuit in 1844. The defendants pleaded the general issue and gave notice of set-off. On the trial, the defendants offered to prove that the note in question was given on a purchase made by John Kerr of the plaintiff's interest in the assets and

property of the firm of Kerr & Barber, composed of the plaintiff and John Kerr; the note being given at the time of the dissolution of said copartnership. That the plaintiff had been book-keeper and cashier of the firm, and by making false additions and omitting to charge himself with large sums of money, he had fraudulently made a balance in his favor to appear upon the books; whereas in truth he was in debt to the firm. And that thereby he deceived the said John Kerr, and induced the defendants to give the note in question. The circuit judge was of opinion that the defence was inadmissible at law, and that the accounts could not be inquired into in this court, for the purpose of showing fraud in the consideration of said note; and he rejected the evidence offered, and the jury found a verdict for the plaintiff. Upon the exception to this ruling of the circuit judge, presented in various shapes, the case now came before the court, on a motion by the defendants for a new trial.

*J. T. Brady*, for the plaintiff.

*H. W. Robinson*, for the defendants.

*By the Court*, BARCULO, J. The general rule is undoubted that courts of law have concurrent jurisdiction with courts of equity in cases of fraud. It is equally well settled that fraud in obtaining a promissory note is a good defence to an action brought to collect it. We are not aware of any principle which excepts this case from the ordinary rule.

The case of *Rogers* v. *Rogers*, (1 *Hall's Sup. Court Rep.* 391,) cited as a case in point, has but little application to the present case. There the superior court held, very properly, that the defendant could not, in a court of law, open partnership accounts for the purpose of showing a *mistake* in the note, and that the balance for which it was supposed to be given did not exist. There was no allegation of fraud; no pretence that the plaintiff had in any way misled or deceived the defendant. The case is entirely different from the present. There must be a new trial, costs to abide the event.