*Davis & Bissell*, for defendant.

--------•●•--------

## STRAWSER *v.* JOHNSON.

A general plea, that a note was obtained by fraud and circumvention is good.

### *Error to Dubuque District Court.*

*Opinion by* GREENE, J. This was an action of assumpsit commenced by William L. Johnson, against George Strawser, on two promissory notes. Among other things, the defendant pleaded, that the notes were obtained from him by fraud and circumvention. A demurrer to this plea was sustained by the court below, and this ruling is the only question presented for adjudication.

It has already been determined by this court, that a general plea of fraud, under our statute, in an action on a promissory note is good; *Hildreth* v. *Tomlinson*, ante 360; *Hampton* v. *Pearce*, Morris 489. No good reason has been urged for departing from a practice, which has

been uniformly recognized by this court in such actions. The charge of fraud, though general in its character, has a special application to the obtaining of the note. Although the charge is general, it is still upon an object so definite, upon a transaction so specific, that the nature of the fraud cannot be mistaken. Ordinarily, it is a safer practice to make special allegations of fraud in pleadings, but in those cases, where a general averment of it is made upon an act so certain and detached from other transactions, as to render the subject matter of the fraud obvious, we think no good reason can be urged against the sufficiency of such averment. *Davis* v. *Tileston*, 6 Howard U. S.,120; *Barber* v. *Kerr*, 3 Barb. 149. The reason for this rule is, we think, alike applicable to law and equity pleading.

Judgment reversed.

*Wilson & Smith*, for plaintiff in error.

*B. M. Samuels* and *Wm. Y. Lovell*, for defendant.